# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **DANNY LEE OSBORN,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:18CV00531 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **TOWN OF WYTHEVILLE, VA, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |
| | ) | |

*Danny Lee Osborn, Pro Se Plaintiff.*

The plaintiff, Danny Lee Osborn, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Osborn alleges that on May 11, 2016, two Wytheville police officers shot at him through a door and injured him. He alleges that the Town of Wytheville, Virginia, and the chief of its police department caused his injuries by failing to create and enforce appropriate safety and training policies for the town's law enforcement personnel. Osborn has applied to proceed in forma pauperis in this action, pursuant to 28 U.S.C. § 1915(b), and I will grant that application.[1] Upon review of the record, however, I conclude that the action

---

[1] A prisoner litigant who is granted in forma pauperis under § 1915 must pay the full filing fee for the case, but may do so through installment payments from his inmate trust account. 28 U.S.C. § 1915(b).

must be summarily dismissed as time barred under the applicable statute of limitations.

Because Congress did not set time limits for filing a § 1983 action, such cases are uniformly governed by the statute of limitations applicable to general personal injury actions in the state where the tort allegedly occurred. *See Owens v. Okure*, 488 U.S. 235, 239, 250 (1989). Such actions in Virginia must be commenced within two years from the date on which the claim accrues. Va. Code Ann. § 8.01-243(A). A § 1983 claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc). When the court finds it clear from the face of the Complaint that the plaintiff's claims are time barred and he filed his lawsuit *in forma pauperis*, the court may summarily dismiss the action as frivolous under § 1915(e)(2)(B). *Id.* (applying earlier version of 28 U.S.C. § 1915(d)).

I find it clear from Osborn's submissions that he has waited too long to file his § 1983 claims. Osborn knew of his injuries from the police officers' actions on the date when they occurred, May 11, 2016. That knowledge was sufficient notice for him to make inquiries about the defendants' safety and training policies, and how those policies may have contributed to the occurrence of the incident in which Osborn was injured. Thus, Osborn's § 1983 claims in this action accrued on May

11, 2016. Yet, he did not sign and date his Complaint until October 25, 2018,[2] more than two years and five months after his claims accrued. Thus, his claims are time barred under section 8.01-243(A). Accordingly, I will dismiss this action under § 1915(e)(2)(B) as frivolous.

An appropriate order will enter this day.

DATED: November 26, 2018

/s/ James P. Jones
United States District Judge

---

[2] An inmate's § 1983 action is commenced for purposes of the statute of limitations when he delivers his complaint to prison authorities for mailing. *Lewis v. Richmond City Police Dep't*, 947 F.2d 733, 735-36 (4th Cir. 1991). For purposes of this Opinion, I will assume that Osborn delivered his initial Complaint to prison authorities for mailing on the same day when he signed and dated it.